# EXHIBIT A

Approved, SCAO

| Original - Court | 2nd Copy - Plaintiff |
|---|---|
| 1st Copy- Defendant | 3rd Copy -Return |

| **STATE OF MICHIGAN**<br>**THIRD JUDICIAL CIRCUIT**<br>**WAYNE COUNTY** | **SUMMONS** | **CASE NO.**<br>**19-016117-CZ**<br>**Hon.Patricia Perez Fresard** |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226                                   Court telephone no.: 313-224-5173

| Plaintiff's name(s), address(es), and telephone no(s)<br>Tibbitts, Belinda | | Defendant's name(s), address(es), and telephone no(s).<br>Great Northern Insurance Company |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br><br>Michael G. Costello 38008<br>201 W Blg Beaver Rd Ste 500<br>Troy, MI 48084-4160 | v | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains  ☐ is no longer pending.

Summons section completed by court clerk.        | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>12/3/2019 | Expiration date*<br>3/3/2020 | Court clerk<br>Dawn Thorpe |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)              **SUMMONS**              MCR 1.109(**D**), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



| | SUMMONS |
|---|---|
| | Case No.: **19-016117-CZ** |

## PROOF OF SERVICE

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**   **OR**   ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:   (notarization not required)

Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that:   (notarization required)

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____   Signature: _____
Date                                                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

BELINDA TIBBITTS, as Personal
Representative of the Estate of Martin J.
Tibbitts,

        Plaintiff,

v.

GREAT NORTHERN INSURANCE
COMPANY, an Indiana corporation,

        Defendant.

Case No.: 19-        -CZ
Hon.

**COMPLAINT**

BODMAN PLC
By: Michael G. Costello (P38008)
     Donovan S. Asmar (P77951)
201 W. Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
Attorneys for Plaintiff

Civil actions between these parties or other parties arising out of the transaction or occurrence alleged in the complaint have been previously filed in the Wayne County Circuit Court (case numbers 19-005946-NO and 19-005947-NO) and assigned to the Hon. Patricia P. Fresard. The actions remain pending.

Dawn Thorpe    12/3/2019 11:04 AM    WAYNE COUNTY CLERK    Cathy M. Garrett    IN MY OFFICE    FILED    19-016117-CZ

## COMPLAINT

Belinda Tibbitts, the Personal Representative of the Estate of Martin J. Tibbitts, brings this suit on behalf of The Estate of Martin J. Tibbitts and states as follows for the Estate's Complaint:

### PARTIES, JURISDICTION AND VENUE

1. Before his untimely death on July 20, 2018, Mr. Martin Tibbitts was a resident of Wayne County, Michigan.

2. On September 18, 2018, Mr. Tibbitts's spouse, Belinda Tibbitts, was appointed Personal Representative of the Estate of Martin J. Tibbitts by the Hon. David A. Perkins of the Wayne County Probate Court (Case No. 2018-840033-DE).

3. Defendant Great Northern Insurance Company ("Great Northern") is an Indiana corporation that conducts business in Wayne County, Michigan.

4. Venue for this action is proper in this Court under MCL 600.1621.

5. The amount in controversy in this action exceeds $25,000.00 and this Court otherwise has jurisdiction over this action.

### THE CLAIMS

6. On April 22, 2019, Trent Bogart and Cassandra Plantz filed lawsuits in Wayne County Circuit Court against Belinda Tibbitts, in her capacity as Personal Representative of the Estate of Martin J. Tibbitts, and others. The lawsuits are captioned *Cassandra Plantz v. Belinda Tibbitts, as Personal Representative of the Estate of Martin J. Tibbitts, et al.* (Case No. 19-005947-NO) and *Trent Bogart v. Belinda Tibbitts, as Personal Representative of the Estate of Martin J. Tibbitts, et al.* (Case No. 19-005946-NO) (collectively, the "Underlying Lawsuits"). The Underlying Lawsuits remain pending in the Wayne County Circuit Court.

2

7.     The Underlying Lawsuits allege that, on July 20, 2018, Martin Tibbitts was the pilot of a vintage airplane owned by the World Heritage Air Museum. The Underlying Lawsuits also allege that the plane piloted by Martin Tibbitts crashed into a dairy farm causing serious bodily injury to the underlying plaintiffs who were employees of the dairy farm.

8.     Martin Tibbitts died in the plane crash.

9.     The Underlying Lawsuits each assert one count of negligence against Belinda Tibbitts in her capacity as Personal Representative of the Estate of Martin J. Tibbitts and seek damages in excess of $25,000.00.

## THE INSURANCE POLICIES

10.     In exchange for premium, Great Northern issued to Martin Tibbitts and Belinda Tibbitts a Masterpiece Personal Liability Insurance Policy (Policy No. 1350-15-04-01), which was in effect from August 10, 2017 to August 10, 2018 (the "Policy"). The Policy provides a limit of liability of $1,000,000.00 per occurrence.

11.     In exchange for premium, Great Northern also issued a Masterpiece Excess Policy (Policy No. 1350-15-04-02) to Martin and Belinda Tibbitts, which was in effect from August 10, 2017 to August 10, 2018 (the "Excess Policy"). The Excess Policy provides a limit of liability of $5,000,000.00 per occurrence.

12.     Upon information and belief, the Insuring Agreement of the Policy agreed to insure the insured(s) for damages the insured becomes obligated to pay for personal injury or property damage that takes place during the policy period.

13.     Upon information and belief, the Insuring Agreement of the Excess Policy agreed to insure the insured(s) for damages the insured becomes obligated to pay for personal injury or property damage that takes place during the policy period.

3

14.    The Policy and Excess Policy both contain identical definitions and exclusions.

15.    The Policy and Excess Policy provide that Great Northern will indemnify and defend a covered person against any suit seeking damages for personal injury or property damage.

16.    Martin and Belinda Tibbitts were covered persons under the Policy and Excess Policy. Coverage for the Underlying Lawsuits is not excluded by the application of any exclusion of the Policy and/or Excess Policy.

17.    The Policy and Excess Policy obligate Great Northern to defend and indemnify Martin and Belinda Tibbitts and the Estate of Martin J. Tibbitts against the claims in the Underlying Lawsuits.

18.    The allegations and claims in the Underlying Lawsuits trigger Great Northern's obligation to defend and indemnify Martin and Belinda Tibbitts and the Estate of Martin J. Tibbitts under the Policy and the Excess Policy.

## GREAT NORTHERN DENIES COVERAGE

19.    In August 2018, Belinda Tibbitts sent Great Northern written notice that the Estate of Martin J. Tibbitts was making a claim for defense of the Underlying Lawsuits under the Policy and Excess Policy.

20.    On October 10, 2018, Great Northern denied the claim in a written response.

21.    Great Northern contended the damages claimed in the Underlying Lawsuits were excluded from coverage under the Policy and Excess Policy by the identical "Aircraft exclusion" in both policies.

22.    Upon information and belief, the so-called "Aircraft Exclusion" states:

> **Aircraft.** We do not cover any damages arising out of the ownership, maintenance, use, loading, unloading, or towing of any

4

aircraft, *except a non-owned aircraft chartered with a professional crew by you or on your behalf.*

23.     The Aircraft Exclusion does not exclude coverage.

24.     The plane flown by Martin Tibbitts was a non-owned aircraft chartered with a professional crew by Martin or Belinda Tibbitts or on their behalf.

25.     Great Northern's declination of coverage is a breach of the Policy, and the Excess Policy.

26.     On April 22, 2019, the Underlying Lawsuits were filed.

27.     On May 24, 2019, Ms. Tibbitts requested that Great Northern re-consider its decision to deny coverage.

28.     On May 30, 2019, Great Northern responded that it would reconsider its position in light of the Underlying Lawsuits being filed.

29.     On June 26, 2019, Great Northern again denied claim.

30.     On August 8, 2019, Ms. Tibbitts again requested that Great Northern reconsider its decision to deny the claim.

31.     On August 21, 2019, Great Northern affirmed its previous denials without a good faith review.



## COUNT I – BREACH OF CONTRACT

32.    Plaintiff hereby incorporates the allegations made in the foregoing paragraphs, as though fully restated herein.

33.    Martin and Belinda Tibbitts entered into insurance contracts with Great Northern, namely the Policy and the Excess Policy.

34.    Martin and Belinda Tibbitts performed their obligations under these contracts.

35.    Great Northern has materially breached its contracts by failing to defend and indemnify Plaintiff in the Underlying Lawsuits.

36.    As a direct and proximate result of Great Northern's material breach, Plaintiff has suffered damages in the amount of at least $25,000.00, which does not include lawful interest, costs or attorney fees, or any consequential and incidental damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment in its favor against Great Northern in an amount greater than $25,000.00, plus all lawful interest (including penalty interest), consequential and incidental damages, costs and attorney fees, and such other relief as this Court deems appropriate.

## COUNT II – DECLARATORY RELIEF

37.     Plaintiff hereby incorporates the allegations made in the foregoing paragraphs, as though fully stated herein.

38.     Great Northern's denial of Plaintiff's claims for coverage under the Policy and Excess Policy, and its refusal to defend Plaintiff, creates an actual controversy as to whether such coverage and a right to a defense exist.

39.     Plaintiff seeks a judicial determination of its rights to coverage and a defense under the Policy and Excess Policy with respect to the claims asserted in the Underlying Lawsuit, and seeks a judicial declaration that it is entitled to a defense and coverage under the Policy and the Excess Policy.

40.     A judicial declaration is necessary and appropriate at this time and under these circumstances so that Plaintiff may ascertain its rights.

**WHEREFORE,** Plaintiff respectfully requests that entry of an order declaring that it is entitled to a defense and indemnification under the Policy or Excess Policy, or both, with respect to the Underlying Lawsuit claims, along with such other relief as this Court deems appropriate.

7

## COUNT III – CLAIM FOR STATUTORY PENALTY INTEREST

41. Plaintiff hereby incorporates the allegations made in the foregoing paragraphs, as though fully stated herein.

42. Under MCL 500.2006(1), Great Northern "must pay" Plaintiff "the benefits provided under the terms of its policy, or, in the alternative, [they] must pay to" Plaintiff "12% interest, as provided in" MCL 500.2006(4) "on claims not paid on a timely basis."

43. Under MCL 500.2006(4), "[i]f benefits are not paid on a timely basis the benefits paid shall bear simple interest from a date 60 days after satisfactory proof of loss was received by" Great Northern "at the rate of 12% per annum ..."

44. Plaintiff submitted, and Great Northern received, satisfactory proof of loss more than 60 days ago.

45. Great Northern has rejected, and failed to pay, Plaintiff's claim for benefits on three (3) separate occasions.

46. Accordingly, to the extent Plaintiff is found to be entitled to benefits (coverage and/or a defense), Great Northern has failed to pay them "on a timely basis."

47. To that same extent, Plaintiff is entitled to penalty interest under MCL 500.2006 of 12% per annum, accruing from 60 days after Great Northern's receipt of Plaintiff's proof of loss.

**WHEREFORE**, Plaintiff respectfully requests entry of judgment in its favor against Great Northern in an amount equal to the penalty interest due under MCL 500.2006, along with such other relief as this Court deems appropriate.

Respectfully submitted,

BODMAN PLC

BY: /s/ *Michael G. Costello*
Michael G. Costello (P38008)
Donovan S. Asmar (P77951)
201 W. Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
Attorneys for Plaintiff

Dated:  December 3, 2019

9

Detroit_16397739_6

19-016117-CZ FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   12/4/2019 4:09 PM   Mai Xiong

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

BELINDA TIBBITTS, as Personal
Representative of the Estate of Martin J.
Tibbitts,

        Plaintiff,

v.

GREAT NORTHERN INSURANCE
COMPANY, an Indiana corporation,

        Defendant.

Case No.: 19-016117-CZ
Hon. Patricia Perez Fresard

BODMAN PLC
By: Michael G. Costello (P38008)
     Donovan S. Asmar (P77951)
201 W. Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
Attorneys for Plaintiff

**JURY DEMAND**

    Plaintiff hereby demands a trial by jury in this matter to the fullest extent permissible by

law.

                        BODMAN PLC

                        By: */s/ Michael G. Costello*
                        Michael G. Costello (P38008)
                        Donovan S. Asmar (P77951)
                        201 W. Big Beaver Road, Suite 500
                        Troy, MI 48084
                        (248) 743-6000
                        Attorneys for Plaintiff

Dated:  December 4, 2019

Detroit_16421469_1

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

BELINDA TIBBITTS, as Personal
Representative of the Estate of Martin J.
Tibbitts,

    Plaintiff,

v.

GREAT NORTHERN INSURANCE
COMPANY, an Indiana corporation,

    Defendant.

Case No. 19-016117-CZ

Hon. Patricia Perez Fresard

---

BODMAN PLC
By:  Michael G. Costello (P38008)
  Donovan S. Asmar (P77951)
201 W. Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
Attorneys for Plaintiff

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

   Plaintiff Belinda Tibbitts, as Personal Representative of the Estate of Martin J. Tibbitts, through her attorneys, submits the following interrogatories and requests for production to Defendant ("Requests"). Defendant must answer the Requests within 28 days under MCR 2.309 and 2.310.

## DEFINITIONS AND INSTRUCTIONS

1.     As used herein, the term Defendant means Defendant, its predecessors, affiliates, subsidiaries, successors, fiduciaries, agents, employees, attorneys, and investigators, and all other persons acting on its behalf.

2.     As used herein, the term "Person" means any individual, natural person, partnership of any kind, corporation, limited liability company, joint venture, association, trust, government (or agency thereof), quasi-public entity, or other legal or business entity, or any combination thereof.

3.     As used herein, "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatory or request inclusive rather than exclusive.

4.     As used herein, the term "communications" includes all discussions, conversations, interviews, e-mails, text messages, "tweets," internet messages, postings, meetings, negotiations, cablegrams, mailgrams, telegrams, telexes, cables, or other forms of written or verbal intercourse, however transmitted, including reports, notes, memoranda, lists, agenda, and other documents and records of communications, and when used shall require a statement of the name of the individual who made the communication, the Person(s) to whom it was made, the date it was made, and the form in which it was made.

5.     As used herein, the term "identify:"

(a).     When used with reference to an individual shall require a statement of the individual's full name; present and/or last known position, employment, job title and/or business affiliation; present and/or last known business address and telephone number; and present and/or last known residential address and telephone number.

2

(b)     When used with reference to a business or corporation shall mean to state the business, or corporation's legal name, the names under which it does business, its form (proprietorship, corporation, partnership, association, or business trust, etc.), the date and place of its inception and/or incorporation, identification of its principal proprietors, partners and/or officers, its present and/or last known address, its principal place of business and its relationship, if any, to you.

(c)     When used with reference to a document shall require a statement of the date the document was prepared, the type of document, the author or speaker, and if different, the signer or signers, the addressee, the substance thereof, their present or last known location or custodian, and all other means of identifying them with sufficient particularity to satisfy the requirements for their identification in a request for their production pursuant to the Michigan Court Rules. If any such document was, but is no longer in your possession or subject to your control, state the disposition that was made of it, the reason for such disposition, the date thereof, the person or persons who made the decision for such disposition, and your corporate policy, practice, or procedure of document destruction or retention.

(d)     When used with reference to any communication, meeting, act, occurrence, statement, or conduct (hereinafter collectively "act"), requires you to:

    i.      Describe the substance of the event or events constituting such act;

    ii.     State the date when such act occurred;

    iii.    Identify each and every person participating in such act;

3

iv.    Identify all other persons present when such act occurred;

v.    State whether any minutes, notes, memoranda, accounts, statements, agreements, Documents, or any other recordings relating to the act were made;

vi.    State whether such record now exists; and

vii.    Identify the person presently having possession, custody, or control of such record

6.    "Document" shall have its customary broad meaning as defined in the court rules and shall also include any computer materials and electronically stored information (ESI) of any sort including e-mail. "Document" also includes such materials as financial statements (formal or informal), correspondence, memoranda, audits, appraisals, studies, analyses, reports, speeches, press releases or news clippings, minutes of meetings, drafts of any of the foregoing, or any other written, printed or computer material of any type or nature.

7.    These discovery requests seek all information available to you, including information and documents which are in the possession, custody, or under the control of you and/or your attorneys, accountants, agents, employees, successors, predecessors, or other representatives.

8.    Any copy of a document that contains alterations or annotations or that differs in any other way from the original or another copy of the document shall be deemed a separate document.

9.    These discovery requests are continuing in nature to the full extent provided by the Michigan Court Rules.

4

10.     If you claim any form of privilege or other protection from discovery in lieu of answering any of the discovery requests or producing any documents, please provide a privilege log which provides for each withheld document or communication at least the following information:

    a.     a short title or identification of the privileged document or communication;

    b.     the specific privilege relied upon;

    c.     the date and type of communication (e.g., letter, telephone call, email, in-person conversation, etc.) or document (e.g., memo, letter, notes, etc.) to which the privilege applies;

    d.     the general subject matter of the communication or document;

    e.     whether the privilege applies to part or all of the communication or document; and

    f.     the identity of all persons who participated in or received the communication or received the document or received any communication or document which disclosed or described the contents of the privileged material and, for each such person, state whether that person was an attorney and acting in the capacity of your attorney at the time of the communication or preparation of the document.

11.     For each document for which work-product protection is claimed, state when you claim the relevant litigation became anticipated, describe the matters you expected to litigate, describe in detail the bases for your claim that litigation was anticipated at the time the work-product was created and describe how the preparation of the document was prompted by the anticipation of litigation.

12.     Where possible, please produce any privileged document in a redacted form, excluding only that part of the document to which the claimed privilege applies.

Detroit_16414414_2

## INTERROGATORIES

1.      Identify each person answering each of these interrogatories on your behalf, including full name, complete home or business addresses and telephone numbers, and identify each person who assisted or counseled each person answering each of these interrogatories on behalf of plaintiffs, including full name and home or business addresses and telephone numbers, and identify each document used, referred to, or relied upon in connection with the answers, including author(s), recipient(s), date and subject matter.

**ANSWER:**

2.      Identify each underwriter that was involved the underwriting of the Masterpiece Personal Liability Insurance Policy (Policy No. 1350-15-04-01) (the "Policy") issued to Martin and Belinda Tibbitts for the period from August 10, 2017 through August 10, 2018 and the denial of coverage by Defendant for claim reference number 040518044725.

**ANSWER:**

3.      Identify each claim adjuster that was involved the underwriting of the Masterpiece Personal Liability Insurance Policy (Policy No. 1350-15-04-01) (the "Policy") issued to Martin and Belinda Tibbitts for the period from August 10, 2017 through August 10, 2018 and the denial of coverage by Defendant for claim reference number 040518044725.

**ANSWER:**

4.      Identify each underwriter that was involved the underwriting of the Masterpiece Excess Policy (Policy No. 1350-15-04-02) (the "Excess Policy") issued to Martin and Belinda Tibbitts for the period from August 10, 2017 through August 10, 2018 and the denial of coverage by Defendant for claim reference number 040518044725.

6

**ANSWER:**

5.      Identify each claim adjuster that was involved the underwriting of the Masterpiece Excess Policy (Policy No. 1350-15-04-02) (the "Excess Policy") issued to Martin and Belinda Tibbitts for the period from August 10, 2017 through August 10, 2018 and the denial of coverage by Defendant for claim reference number 040518044725.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

Please produce:

1.      All documents relied upon by Defendant in responding to the above Interrogatories.

**ANSWER:**

2.      A Certified Reconstructed Copy of the Policy.

**ANSWER:**

3.      A Certified Reconstructed Copy of the Excess Policy.

**ANSWER:**

4.      A copy of the underwriting and claim file(s) associated with the Policy or Excess Policy.

**ANSWER:**

5.      All documents relating to any communications received, sent, or authored by Defendant relating to the Policy or Excess Policy.

**ANSWER:**

6.      All documents relating to any communications between Defendant and any of the following individuals: Martin Tibbitts, Belinda Tibbitts, Trent Bogart, and Cassandra Plantz.

7

Detroit_16414414_2

**ANSWER:**

7.    All documents authored by the Defendant relating to the denial of Plaintiff's claim for coverage under the Policy or Excess Policy.

**ANSWER:**

8.    A copy of any underwriting manual, guidelines or rules applicable to the underwriting of the Policy and the Excess Policy.

**ANSWER:**

9.    A copy of any underwriting manual, guidelines, or rules relating to the intent, interpretation or application of the aircraft exclusion set forth in the Policy and the Excess Policy.

**ANSWER:**

10.    A copy of any documents exchanged between Defendant and the insurance agent, the Ralph Wilson Insurance Agency related to the Policy and the Excess Policy.

**ANSWER:**

                              BODMAN PLC

                              /s/ *Donovan S. Asmar*
                              Michael G. Costello (P38008)
                              Donovan S. Asmar (P77951)
                              Attorneys for Plaintiff
                              201 W. Big Beaver Road, Suite 500
                              Troy, MI 48084
                              (248) 743-6000
                              mcostello@bodmanlaw.com
                              dasmar@bodmanlaw.com

Dated:  December 4, 2019

8

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2019, I served the foregoing paper on the following

Resident Agent of Great Northern Insurance Company by U.S. Mail, certified mail, return

receipt requested:

Great Northern Insurance Company
c/o Resident Agent
The Corporation Company
40600 Ann Arbor Rd., E.,
Suite 201
Plymouth, MI 48170-4675

BODMAN PLC

/s/ Donovan S. Asmar
Michael G. Costello (P38008)
Donovan S. Asmar (P77951)
Attorneys for Plaintiff
201 W. Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
mcostello@bodmanlaw.com
dasmar@bodmanlaw.com

9