UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **BELINDA TIBBITTS**, <br><br> Plaintiff, <br><br> v. <br><br> **GREAT NORTHERN INSURANCE COMPANY**, <br><br> Defendant. | 2:20-cv-10029 <br><br> HON. TERRENCE G. BERG <br><br> **ORDER DENYING MOTION TO REMAND CASE** |

This is in part a declaratory judgment action to determine whether Great Northern Insurance Company ("Great Northern"), the Defendant, must defend and indemnify the Estate of Martin J. Tibbits (the "Estate") against two tort lawsuits filed in Wayne County Circuit Court. Plaintiff Belinda Tibbitts, who is suing in her capacity as a personal representative of the Estate, seeks to remand this case to Wayne County Circuit Court because related litigation there will involve factual determinations central to whether Great Northern has a duty to defend and indemnify. The question of whether remand is appropriate is, however, complicated by the fact that Plaintiff asserts claims for breach of the insurance policies and for statutory penalty interest under Michigan law, in addition to declaratory judgment. Because the Court has independent diversity jurisdiction over the two damages claims, it is without discretion to remand them. *See* 28 U.S.C. § 1332(a). Remand of

1

this lawsuit under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), is accordingly not appropriate. The motion to remand, ECF No. 12, will be denied because it would not serve the interests of judicial economy for this Court to remand the declaratory judgment claim while maintaining mandatory jurisdiction over the breach of contract and statutory penalty interest claims.

## BACKGROUND

Martin Tibbitts was piloting a vintage 1950's era jet aircraft, a De Havilland DH112 Venom, in preparation for an air show in Osh Kosh, Wisconsin when he crashed into a dairy farm, killing himself, damaging farm property and allegedly injuring two farm workers. Those farm workers filed suit against Tibbitts and others in Wayne County Circuit Court alleging negligence by Tibbitts and the World Heritage Air Museum, among other individuals apparently involved in the flight. *See* ECF No. 7-3 (Bogart Compl.); ECF No. 7-4 (Plantz Compl.). The Estate sought coverage and indemnity for the lawsuits from Great Northern, which denied coverage.

According to Great Northern, the insurance company has no duty to defend or indemnify because the injuries alleged in the state court cases were excluded from coverage under an "Aircraft Exclusion" in the applicable insurance policies. *See* ECF No. 7-5 (Denial of Coverage Ltr.). That exclusion encompasses "any damages arising out of the ownership, maintenance, use, loading, unloading, or towing of any aircraft, except a

non-owned aircraft chartered by a professional crew by you or on your behalf." In its denial-of-coverage letters, Great Northern asserted that Tibbitts had owned the aircraft involved in the accident, and that coverage for the accident was therefore barred under the Aircraft Exclusion. The Estate in turn denied that Tibbitts had owned the aircraft, explaining that it belonged to the World Heritage Air Museum.

To resolve the coverage dispute stemming from the Aircraft Exclusion, the Estate filed a declaratory action against Great Northern in Wayne County Circuit Court. ECF No. 1-1 (Compl.). That case was assigned to the same judge already presiding over the tort suits. Great Northern then removed the case to federal court on the basis of diversity jurisdiction. Although the Complaint contains Plaintiff's request for a declaratory judgment on the issue of coverage, it also includes claims for breach of Plaintiff's insurance agreements with Great Northern, and for statutory penalty interest under Michigan law, Mich. Comp. Laws § 500.2006, based on Great Northern's alleged delay in paying benefits Plaintiff was entitled to under the policies. ECF No. 1-1.

## DISCUSSION

The Declaratory Judgment Act provides that district courts "may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a). The Act thus provides judges with discretion to assess "whether and when" to entertain a declaratory judgment action "even when the suit otherwise satisfies

subject matter jurisdictional prerequisites." *Adrian Energy Assocs. v. Mich. Pub. Serv. Comm'n*, 481 F.3d 414, 421 (6th Cir. 2007). The Sixth Circuit, in *Grand Trunk W. R.R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984), outlined several factors to guide district courts in evaluating whether they should retain jurisdiction over a declaratory action. The Court need not consult those factors here though, as this is not purely an action for declaratory judgment. Rather, the Complaint asserts damages claims under Michigan law, in addition to a claim for declaratory judgment.

The Court has diversity jurisdiction over Plaintiff's breach of contract and Michigan statutory claims pursuant to 28 U.S.C. § 1332(a), independent of the declaratory judgment claim. Accordingly, even if the Court declined to exercise judgment over the declaratory judgment count, Plaintiff's other claims would necessarily remain before this Court. *CBL & Assocs. Mgmt., Inc. v. Lumbermens Mut. Cas. Co.*, No. 1:05-CV-210, 2006 WL 2087625, at *4 (E.D. Tenn. Jul. 25, 2006) (citing *Snodgrass v. Provident Life & Accident Ins. Co.*, 147 F.3d 1163, 1167–68 (9th Cir. 1998)). Thus, the question before the Court is not whether it should decline to exercise its discretionary jurisdiction over the declaratory judgment claim, but whether it would serve judicial economy to remand the declaratory judgment claim while maintaining jurisdiction over the breach of contract and statutory penalty interest claims. The Court finds that it would not.

4

As the Sixth Circuit has explained, when a plaintiff seeks monetary damages in addition to declaratory judgment, "the entire benefit derived from exercising discretion not to grant declaratory relief is frustrated and a stay or dismissal would not save any judicial resources." *Adrian Energy Assoc. v. Mich. Pub. Serv. Comm'n*, 481 F.3d 414, 422 (6th Cir. 2007). And where, as here, the claims for declaratory relief and damages are "closely intertwined," then even more so "judicial economy counsels against dismissing the claims for declaratory judgment relief while adjudicating" the claims over which this Court must exercise jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 68 F. Supp. 3d 744, 757 (E.D. Mich. 2004).

The declaratory judgment and damages claims in this lawsuit both involve interpreting the insurance polices issued by Great Northern. The question of whether Great Northern has an obligation under the policies to indemnify and defend Plaintiff is a necessary prerequisite to the question of whether Great Northern breached the policies by refusing to indemnify or defend Plaintiff. In cases like this where a plaintiff asserts claims for both declaratory judgment and related breach of contract, district courts have exercised jurisdiction over both claims, declining to remand. *See, e.g., Hibbett Sporting Goods, Inc. v. ML Georgetown Paris, LLC*, No. 5:18-525-DCR, 2019 WL 475001, at *6 (E.D. Ky. Feb. 6, 2019); *Grizzly Processing, LLC v. Wausau Underwriters Ins. Co.*, No. 7:08-226-KKC, 2009 WL 4730205, at *3 (E.D. Ky. Dec. 4, 2009); *Farris v. State*

*Farm*, 617 F. Supp. 2d (S.D. Ohio 2008); *Lumbermens Mut. Cas. Co.*, 2006 WL 2087625, at *4.

In *Adrian*, a case both parties discuss, the plaintiff sought declaratory as well as injunctive relief. 481 F.3d at 422–23. The Sixth Circuit found the district court had not abused its discretion by remanding the case but opined that it would have been more appropriate for the Court to do so under the *Burford* abstention doctrine than under the Declaratory Judgment Act. *Id.* Although Plaintiff may be correct that *Adrian* did not create a bright-line rule *requiring* federal courts to maintain jurisdiction over declaratory judgment claims where a plaintiff also asserts damages claims, neither does *Adrian* bar this Court from keeping Plaintiff's entire lawsuit. This Court's decision to maintain jurisdiction over all of the claims asserted in this case is in no way inconsistent with *Adrian*. To the contrary, maintaining jurisdiction over Plaintiff's declaratory judgment claim—in addition to the Estate's other claims—stands in accord with the Sixth Circuit's comment that judicial economy in *Adrian* disfavored dismissing the claim for declaratory judgment while adjudicating the claims for injunctive relief. 481 F.3d at 422–23. The Court finds that *Adrian* offers more helpful guidance than the out-of-circuit cases advanced by Plaintiff that advocate the heart-of-the-action test.

Additionally, the Sixth Circuit's discussion of *Burford* abstention in *Adrian* is not applicable to this case. Unlike *Adrian*, the case now before

the Court does not implicate concerns about federal courts bypassing state administrative schemes and intervening in issues of state law and policy. *Id.* at 423 (discussing *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943)); *New Orleans Pub. Serv. Inc. v. Council of New Orleans*, 491 U.S. 350, 360–64 (1989). This is not a case that implicates the *Burford* abstention doctrine.

## CONCLUSION

In the interest of judicial efficiency and avoiding piecemeal litigation, the Court will thus retain jurisdiction over the declaratory judgment claim in this action, in addition to the damages claims it has mandatory jurisdiction over. Plaintiff's motion to remand (ECF No. 7) is **DENIED**.

**SO ORDERED.**

Dated: July 28, 2020        s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE