**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BELINDA TIBBITTS, as Personal
Representative of the Estate of
Martin J. Tibbitts,

    Plaintiff/Counter-Defendant,        Case No.: 2:20-cv-10029
                                  Hon. Terrence G. Berg
                                  Magistrate Judge R. Steven Whalen

GREAT NORTHERN INSURANCE
COMPANY, an Indiana corporation,

    Defendant/Counter-Plaintiff.

_____

**<u>DEFENDANT/COUNTER-PLAINTIFF, GREAT NORTHERN INSURANCE
COMPANY'S ANSWER TO PLAINTIFF/COUNTER-DEFENDANT'S FIRST
AMENDED COMPLAINT, AFFIRMATIVE AND/OR AVOIDANCE DEFENSES,
COUNTERCLAIM AND JURY DEMAND</u>**

Defendant/Counter-Plaintiff, Great Northern Insurance Company ("Great Northern"), for its Answer to Plaintiff/Counter-Defendant's First Amended Complaint, states as follows:

**<u>PARTIES, JURISDICTION AND VENUE</u>**

1.    Great Northern admits the allegations in Paragraph 1, upon information and belief.

2.     Great Northern admits the allegations in Paragraph 2, upon information and belief.

3.     Answering the allegations in Paragraph 3, Great Northern admits that it is an Indiana corporation and is authorized to conduct business in Michigan.

4.     The allegations in Paragraph 4 set forth legal conclusions to which no answer is required.  To the extent an answer is required, denied.

5.     Great Northern admits the allegations in Paragraph 5.

## THE CLAIMS

6.     The allegations in Paragraph 6 set forth Plaintiff's characterization of the referenced lawsuits, to which no answer is required. To the extent an answer is required, the Underlying Lawsuits are written documents that contain the best evidence of their content.  Answering further, Great Northern neither admits nor denies the remaining allegations in Paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7.     The allegations in Paragraph 7 set forth Plaintiff's characterization of the referenced Underlying Lawsuits, to which no answer is required.  To the extent an answer is required, the Underlying Lawsuits are written documents that contain the best evidence of their content.  Answering

further, Great Northern neither admits nor denies the remaining allegations in Paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8.    Great Northern neither admits nor denies the allegations in Paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9.    The allegations in Paragraph 9 set forth Plaintiff's characterization of the underlying claims referenced, to which no answer is required.  To the extent an answer is required, the Underlying Lawsuits are written documents that contain the best evidence of their content.  Answering further, Great Northern neither admits nor denies the remaining allegations in Paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10.    The allegations in Paragraph 10 set forth Plaintiff's characterization of the referenced lawsuit, to which no answer is required.  To the extent an answer is required, the complaint filed by Secura is a written document that contains the best evidence of its content.  Answering further, Great Northern neither admits nor denies the remaining allegations in Paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11.    The   allegations   in   Paragraph   11   set   forth   Plaintiff's characterization of the referenced lawsuit, to which no answer is required.  To the extent an answer is required, the complaint filed by Secura is a written document that contains the best evidence of its content.  Answering further, Great  Northern  neither  admits  nor  denies  the  remaining  allegations  in Paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12.    Great  Northern  neither  admits  nor  denies  the  allegations  in Paragraph 12 for lack of knowledge or information sufficient to forma a belief as to their truth.

13.    Great  Northern  neither  admits  nor  denies  the  allegations  in Paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14.    Great  Northern  neither  admits  nor  denies  the  allegations  in Paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

### THE INSURANCE POLICIES

15.    Answering the allegations in Paragraph 15, Great Northern admits only that it issued the insurance policy bearing the policy number alleged, and that the insurance policy is a written contract which is the best evidence of its

terms, conditions, exclusions and limitations, and that it must be read as a whole. Great Northern denies the remaining allegations in Paragraph 15 to the extent they are inconsistent with the language of the policy.

16. Answering the allegations in Paragraph 16, Great Northern admits only that it issued the insurance policy bearing the policy number alleged, and that the insurance policy is a written contract which is the best evidence of its terms, conditions, exclusions and limitations, and that it must be read as a whole. Great Northern denies the remaining allegations in Paragraph 16 to the extent they are inconsistent with the language of the policy.

17. Answering the allegations in Paragraph 17, Great Northern admits only that it issued the insurance policy bearing the policy number alleged, and that the insurance policy is a written contract which is the best evidence of its terms, conditions, exclusions and limitations, and that it must be read as a whole. Great Northern denies the remaining allegations in Paragraph 17 to the extent it is inconsistent with the language of the policy.

18. Answering the allegations in Paragraph 18, Great Northern admits only that it issued the insurance policy bearing the policy number alleged, and that the insurance policy is a written contract which is the best evidence of its terms, conditions, exclusions and limitations, and that it must be read as a

whole.  Great Northern denies the remaining allegations in Paragraph 18 to the extent they are inconsistent with the language of the policy.

19.     Answering the allegations in Paragraph 19, Great Northern admits only that it issued the insurance policies bearing the policy numbers alleged, and that the insurance policies are written contracts which is the best evidence of their terms, conditions, exclusions and limitations, and that they must be read as a whole.  Great Northern denies the remaining allegations in Paragraph 19 to the extent they are inconsistent with the language of the policies.

20.     Answering the allegations in Paragraph 20, Great Northern admits only that it issued the insurance policies bearing the policy numbers alleged, and that the insurance policies are written contracts which is the best evidence of their terms, conditions, exclusions and limitations, and that they must be read as a whole.  Great Northern denies the remaining allegations in Paragraph 20 to the extent it is inconsistent with the language of the policies.

21.     Answering the allegations in the first sentence of Paragraph 21, Great Northern admits only that it issued the insurance policies bearing the policy numbers alleged, that the insurance policies are written contracts which is the best evidence of their terms, conditions, exclusions and limitations, and that they must be read as a whole, and denies the allegations

to the extent they are inconsistent with the language of the policies.  Great Northern denies the allegations in the second sentence of Paragraph 21.

22.    Great Northern denies the allegations in Paragraph 22.

23.    Great Northern denies the allegations in Paragraph 23.

### GREAT NORTHERN DENIES COVERAGE

24.    Great Northern denies the allegations in Paragraph 24.

25.    Answering the allegations in Paragraph 25, Great Northern admits only that it sent a letter to Plaintiff dated October 10, 2018 and that the letter is the best evidence of its content.  Great Northern denies the remaining allegations in Paragraph 25 to the extent it is inconsistent with the language of this letter.

26.    Answering the allegations in Paragraph 26, Great Northern admits only that it sent a letter to Plaintiff dated October 10, 2018 and that the letter is the best evidence of its content.  Great Northern denies the remaining allegations in Paragraph 26 to the extent it is inconsistent with the language of this letter.

27.    Answering the allegations in Paragraph 27, Great Northern admits only that it issued the insurance policies bearing the policy numbers alleged, and that the insurance policies are written contracts which is the best evidence of their terms, conditions, exclusions and limitations, and that they

must be read as a whole.  Great Northern denies the remaining allegations in Paragraph 27 to the extent it is inconsistent with the language of the policies.

28.    The allegations in Paragraph 28 set forth legal conclusions to which no answer is required.  To the extent an answer is required, denied.

29.    The allegations in Paragraph 29 set forth legal conclusions to which no answer is required.  To the extent an answer is required, denied.

30.    The allegations in Paragraph 30 set forth legal conclusions to which no answer is required.  To the extent an answer is required, denied.

31.    Great Northern admits the allegations in Paragraph 31, upon information and belief.

32.    Answering the allegations in Paragraph 32, Great Northern admits only that a communication between Great Northern and Plaintiff occurred on or about May 24, 2019.  Great Northern neither admits nor denies the remaining allegations in Paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth.

33.    Answering the allegations in Paragraph 33, Great Northern admits only that a communication between Great Northern and Plaintiff occurred on or about May 30, 2019.  Great Northern neither admits nor denies the remaining allegations in Paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

34.     Answering the allegations in Paragraph 34, Great Northern admits only that it sent a letter to Plaintiff's counsel dated June 26, 2019 concerning the Underlying Lawsuits and that the letter is the best evidence of its content. Great Northern denies the remaining allegations in Paragraph 34 to the extent it is inconsistent with the language of this letter.

35.     Answering the allegations in Paragraph 35, Great Northern admits only that it received a letter from Plaintiff's counsel dated August 8, 2019 concerning the Underlying Lawsuits and that the letter is the best evidence of its content.  Great Northern denies the remaining allegations in Paragraph 35 to the extent they are inconsistent with the language of this letter.

36.     Answering the allegations in Paragraph 36, Great Northern admits only that it sent a letter to Plaintiff's counsel dated August 21, 2019 concerning the Underlying Lawsuits and that the letter is the best evidence of its content.  Great Northern denies the remaining allegations in Paragraph 36 as untrue.

<u>**COUNT I – BREACH OF CONTRACT**</u>

37.     Great Northern repeats and re-alleges its responses to paragraphs 1-36, as if fully supported herein.

38.     Answering the allegations in Paragraph 38, Great Northern admits only that it issued the insurance policies bearing the policy numbers alleged,

and that the insurance policies are written contracts which is the best evidence of their terms, conditions, exclusions and limitations, and that they must be read as a whole.  Great Northern denies the remaining allegations in Paragraph 38 to the extent it is inconsistent with the language of the policies.

39.    Great Northern neither admits nor denies the allegations in Paragraph 39, for lack of knowledge or information sufficient to form a belief as to their truth.

40.    The allegations in Paragraph 40 set forth legal conclusions to which no answer is required.  To the extent an answer is required, denied.

41.    The allegations in Paragraph 41 set forth legal conclusions to which no answer is required.  To the extent an answer is required, denied.

42.    The allegations in Paragraph 42 set forth legal conclusions to which no answer is required.  To the extent an answer is required, denied.

## COUNT II – DECLARATORY RELIEF

43.    Answering Paragraph 37, Great Northern repeats and re-alleges its responses to paragraphs 1-42, as if fully supported herein.

44.    Answering Paragraph 38, Great Northern admits only that there is an actual case or controversy between Great Northern and Plaintiff.  Great Northern neither admits nor denies the remaining allegations in Paragraph 38

for lack of knowledge or information sufficient to form a belief as to their truth.

45.    The   allegations   in   Paragraph   39   set   forth   Plaintiff's characterization of its First Amended Complaint, to which no answer is required.  To the extent that an answer is required, Great Northern admits only that Plaintiff's First Amended Complaint seeks declaratory relief against Great Northern but denies that Plaintiff is entitled to the relief and damages it seeks under the policies issued by Great Northern to Plaintiff.

46.    Answering Paragraph 40, Great Northern admits only that there is an actual case or controversy between Great Northern and Plaintiff.  Great Northern neither admits nor denies the remaining allegations in Paragraph 40 for lack of knowledge or information sufficient to form a belief as to their truth.

### COUNT III – CLAIM FOR STATUTORY PENALTY INTEREST

47.    Answering Paragraph 41, Great Northern repeats and re-alleges its responses to paragraphs 1-46, as if fully supported herein.

48.    The   allegations   in   Paragraph   42   set   forth   Plaintiff's characterization of its First Amended Complaint, to which no answer is required.  To the extent that an answer is required, Great Northern admits only that Plaintiff's First Amended Complaint seeks breach of contract and

11

declaratory relief against Great Northern but denies that Plaintiff is entitled to the relief and damages it seeks under the policies issued by Great Northern to Plaintiff.

49. The allegations in Paragraph 43 set forth Plaintiff's characterization of its First Amended Complaint, to which no answer is required. To the extent that an answer is required, Great Northern admits only that Plaintiff's First Amended Complaint seeks breach of contract and declaratory relief against Great Northern but denies that Plaintiff is entitled to the relief and damages it seeks under the policies issued by Great Northern to Plaintiff.

50. Great Northern neither admits nor denies the allegations in Paragraph 44 for lack of knowledge or information sufficient to form a belief as to their truth.

51. Great Northern denies in the allegations in Paragraph 45. Answering further, Great Northern refers the Court to the prior written communications from Great Northern to Plaintiff regarding Great Northern's coverage position, which is the best evidence of that position.

52. The allegations in Paragraph 46 set forth legal conclusions to which no answer is required. To the extent an answer is required, denied.

53.    The allegations in Paragraph 47 set forth legal conclusions to which no answer is required.  To the extent an answer is required, denied.

**WHEREFORE,** Great Northern respectfully requests that this Court deny the relief requested in Plaintiff/Counter-Defendant's First Amended Complaint and dismiss Plaintiff/Counter-Defendant's First Amended Complaint in its entirety, with prejudice.  Great Northern further requests any and all other relief to which it is entitled, including costs and attorney fees.

Respectfully submitted,

*/s/ Charles W. Browning*
Charles W. Browning (P32978)
Josephine A. DeLorenzo (P72170)
Tanya M. Murray (P82517)
PLUNKETT COONEY
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
T: (248) 901-4000
F: (248) 901-4040
cbrowning@plunkettcooney.com

Dated: June 1, 2021    ***Attorneys for Defendant/Counter-Plaintiff***

**DEFENDANT/COUNTER-PLAINTIFF GREAT NORTHERN INSURANCE
COMPANY'S AFFIRMATIVE AND/OR AVOIDANCE DEFENSES
TO PLAINTIFF/COUNTER-DEFENDANT'S FIRST AMENDED COMPLAINT**

Great Northern has undertaken, pursuant to Fed. R. Civ. P. 8(c), to list all of the affirmative and/or avoidance defenses that it may have with respect to the claims for insurance coverage for the Underlying Lawsuits (as defined in paragraph 6 of Plaintiff/Counter-Defendant's First Amended Complaint) and the Secura Claim (as defined in paragraph 10 of Plaintiff/Counter-Defendant's First Amended Complaint) under the Great Northern policies (as identified in paragraphs 10 and 11 of Plaintiff/Counter-Defendant's First Amended Complaint) and under applicable law.  Great Northern incorporates by reference in its entirety all of the terms, exclusions and conditions of the insurance policies as if they were fully set forth herein.  Great Northern reserves the right to amend, supplement, restate and/or withdraw any of these affirmative and/or avoidance defenses and/or to assert additional defenses with regard to insurance coverage for the Underlying Lawsuits and Secura Claim based upon its continuing analysis and investigation of the Underlying Lawsuits and Secura Claim, or otherwise.  Specifically, Great Northern does not waive any of its rights under the Great Northern policies or at law with respect to insurance coverage for the Underlying Lawsuits and Secura Claim, all such rights being expressly reserved.  Furthermore, by

characterizing the following as defenses, Great Northern does not admit that it bears the burden of proof of any of the issues raised by the following defenses. Subject to and without waiving any of the foregoing, Great Northern identifies the following defenses upon which it may rely at the time of trial:

1.      There is no insurance coverage under the Great Northern policies for the Underlying Lawsuits and Secura Claim because the "Aircraft" exclusion precludes coverage for "any damages arising out of the ownership, maintenance, use, loading, unloading, or towing of any aircraft that is rented to, owned by, or in the care, custody or control of a covered person, except a non-owned aircraft chartered with a professional crew by you or on your behalf."

2.      There is no insurance coverage under the Great Northern policies for the Underlying Lawsuits and Secura Claim because the "Watercraft and aircraft racing or track usage" exclusion precludes coverage for "any damages arising out of the ownership, maintenance or use of any watercraft or aircraft during any instruction, practice, preparation for, or participation in, any competitive, prearranged or organized racing, speed contest, rally, sports event, stunting activity or timed event of any kind."

3.     There is no insurance coverage under the Great Northern policies for the Underlying Lawsuits and Secura Claim to the extent that the "business pursuits" exclusion applies.

4.     There is no insurance coverage under the Great Northern policies for the Underlying Lawsuits and Secura Claim to the extent the "professional services" exclusion applies.

5.     Plaintiff fails to state a claim against Great Northern, in whole or in part, because Plaintiff first requested that another insurer(s) defend Plaintiff in the Underlying Lawsuits, and that other insurer(s) is defending Plaintiff in the Underlying Lawsuits.

6.     There is no insurance coverage under the Great Northern policies for the Underlying Lawsuits and Secura Claim to the extent that the insured has failed to satisfy all of the conditions in the Great Northern policies.

7.     Plaintiff has failed to provide a satisfactory proof of loss.

8.     There is no insurance coverage under the Great Northern policies for the Underlying Lawsuits and/or Secura Claim, in whole or in part, to the extent that any other provision, term, definition, condition, endorsement, limitation or exclusion in the Great Northern policies not specifically identified herein applies to preclude coverage.

16

9.     To the extent that the Masterpiece Personal Liability policy (Policy No. 13501504-01) ("the Great Northern Primary Policy") grants coverage, which Great Northern denies, the amount of coverage available may be reduced or eliminated pursuant to the "[o]ther insurance" condition.

10.    To the extent that the Great Northern Primary Policy grants coverage, which Great Northern denies, the amount of coverage is subject to any applicable deductible and limits of insurance.

11.    There is no insurance coverage under the Masterpiece Excess Liability policy (Policy No. 13501504-02) ("the Great Northern Excess Policy") to the extent that the Underlying Lawsuits and Secura Claim do not involve damages in excess of the limits of liability set forth in the applicable underlying insurance.

12.    There is no insurance coverage under the Great Northern Excess Policy as the limits of liability of all applicable underlying insurance have not been exhausted.

13.    To the extent that the Great Northern Excess Policy grants coverage, which Great Northern denies, the Great Northern Excess Policy does not provide broader coverage than what is provided under the required primary underlying policies.

14.   To the extent that the Great Northern Excess Policy grants coverage, which Great Northern denies, the amount of coverage available may be reduced or eliminated by the application of the "[o]ther insurance" condition.

15.   To the extent that the Great Northern Excess Policy grants coverage, which Great Northern denies, the amount of coverage is subject to the limits of insurance as set forth under the Great Northern Excess Policy.

16.   Plaintiff/Counter-Defendant's First Amended Complaint is or may be barred, in whole or in part, for failure to state facts sufficient to constitute a cause of action and/or claim against Great Northern.

17.   Plaintiff/Counter-Defendant's First Amended Complaint is or may be barred, in whole or in part, by the applicable statutes of limitations and/or laches.

18.   Plaintiff/Counter-Defendant's First Amended Complaint is or may be barred, in whole or in part, to the extent that Plaintiff/Counter-Defendant has failed to mitigate damages.

19.   Great Northern reserves the right to include additional affirmative and/or avoidance defenses as shall become apparent through discovery or otherwise.

**WHEREFORE,** Great Northern respectfully requests that this Court deny the relief requested in Plaintiff/Counter-Defendant's First Amended Complaint and dismiss Plaintiff/Counter-Defendant's First Amended Complaint in its entirety, with prejudice.  Great Northern further requests any and all other relief to which it is entitled, including costs and attorney fees.

Respectfully submitted,

*/s/ Charles W. Browning*
Charles W. Browning (P32978)
Josephine A. DeLorenzo (P72170)
Tanya M. Murray (P82517)
PLUNKETT COONEY
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
T: (248) 901-4000
F: (248) 901-4040
cbrowning@plunkettcooney.com
**Attorneys for Defendant/Counter-Plaintiff**

Dated:  June 1, 2021

19

## GREAT NORTHERN INSURANCE COMPANY'S COUNTERCLAIM FOR DECLARATORY JUDGMENT

Counter-Plaintiff Great Northern Insurance Company ("Great Northern"), through counsel, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, for its Counterclaim for Declaratory Judgment, states as follows:

### INTRODUCTION AND NATURE OF THE ACTION

1.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure to determine and resolve questions of actual controversy concerning the availability and scope of insurance coverage, if any, for Belinda Tibbitts as Personal Representative of the Estate of Martin J. Tibbitts ("the Estate") under Masterpiece Personal Liability insurance policy (Policy No. 13501504-01) (the "Great Northern Primary Policy") and Masterpiece Excess Liability insurance policy (Policy No. 13501504-02) (the "Great Northern Excess Policy") issued by Great Northern to Martin Tibbitts and Belinda Tibbitts for the policy period August 10, 2017 to August 10, 2018 (collectively, "the Great Northern Policies").   Certified copies of the Great Northern Polices are attached as **Exhibit A**.

2.     This action stems from an incident that occurred on July 20, 2018, when Martin Tibbitts was piloting an airplane that crashed into Fly Bye Acres Dairy Farm ("the Farm") located in Sheboygan, Wisconsin, resulting in Mr. Tibbitts' death, injuries to two workers of the Farm—Trent Bogart and Cassandra Plantz, property damage to various buildings on the Farm, and the death of several cattle.

3.     The Estate seeks insurance coverage under the Great Northern Policies for separate lawsuits filed by Trent Bogart ("Bogart"), Cassandra Plantz ("Plantz"), and Secura Insurance ("Secura") against the Estate and others (the "Underlying Lawsuits").

4.     Great Northern seeks a determination in this action that there is no coverage under the Great Northern Policies, including defense and indemnity, for the Underlying Lawsuits.

## THE PARTIES

5.     Great Northern is an insurance company incorporated in the State of Indiana, with its principal place of business in New Jersey, and conducts business in the Eastern District of Michigan.

6.     Upon information and belief, Martin Tibbitts was a citizen of the State of Michigan at the time of his death on July 20, 2018.

21

7.      Upon information and belief, on September 18, 2018, Martin Tibbitts' spouse, Belinda Tibbitts, was appointed Personal Representative of the Estate of Martin J. Tibbitts by the Honorable David A. Perkins of the Wayne County Probate Court for the State of Michigan (Case No. 2018-84033-DE).

8.      Belinda Tibbitts, as the legal representative of the estate of Martin Tibbitts, is deemed to be a citizen of the State of Michigan. 28 U.S.C. § 1332(c)(2).

## JURISDICTION AND VENUE

9.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).  Great Northern and Belinda Tibbitts, as the legal representative of the estate of Martin Tibbitts, are citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10.     Venue is appropriate under 28 U.S.C. § 1391(b)(1) as Martin Tibbitts resided in the Eastern District of Michigan before his death on July 20, 2018.

11.     Venue is also appropriate under 28 U.S.C. § 1391(b)(2) as the insurance policies that are the subject of this Declaratory Judgment Action were issued to Martin and Belinda Tibbitts in the Eastern District of Michigan.

## The Underlying Lawsuits

12.     On or about April 22, 2019, Cassandra Plantz filed a complaint against Belinda Tibbitts, as Personal Representative of the Estate of Martin J. Tibbitts, and others, bearing Case No. 19-005947-NO and captioned *Cassandra Plantz v. Belinda Tibbitts, as Personal Representative of the Estate of Martin J. Tibbitts, Deceased, World Heritage Air Museum, John R. Armstrong, and Scott T. Glaser*, pending in Wayne County Circuit Court for the State of Michigan (the "*Plantz* Lawsuit").  A copy of the Complaint is attached as **Exhibit B.**

13.     On or about April 22, 2019, Trent Bogart filed a complaint against Belinda Tibbitts, as Personal Representative of the Estate of Martin J. Tibbitts, and others, bearing Case No. 19-005946-NO and captioned *Trent Bogart v. Belinda Tibbitts, as Personal Representative of the Estate of Martin J. Tibbitts, Deceased, World Heritage Air Museum, John R. Armstrong, and Scott T. Glaser*, pending in Wayne County Circuit Court for the State of Michigan (the "*Bogart* Lawsuit").  A copy of the Complaint is attached as **Exhibit C**.

14.     The *Plantz* and *Bogart* Lawsuits contain identical allegations against each respective defendant.  **Exhibits B and C**.

15.     The *Plantz* and *Bogart* Lawsuits allege that Martin Tibbitts "was the owner and/or officer and/or majority shareholder of Defendant, WORLD HERITAGE AIR MUSEUM."  **Exhibits B and C**, ¶ 6.

16.     The *Plantz* and *Bogart* Lawsuits further allege that Martin Tibbitts was "an employee, agent and/or apparent agent of Defendant, WORLD HERITAGE AIR MUSEUM and at all times herein, was acting for the benefit of Defendant, WORLD HERITAGE AIR MUSEUM and within the course and scope of said agency, apparent agency and/or employment."  **Exhibits B and C**, ¶¶ 6-7.

17.     The *Plantz* and *Bogart* Lawsuits further allege that World Heritage Air Museum ("World Heritage") "individually and/or through its duly authorized agents, apparent agents, and/or employees, including, but not limited to Defendant, MARTIN J. TIBBITTS, deceased, owned a De Havilland DH112 Venom aircraft bearing a Federal Registration Number N747J." **Exhibits B and C**, ¶ 8.

18.     The *Plantz* and *Bogart* Lawsuits further allege that on July 20, 2018, Martin Tibbitts was piloting the De Havilland DH 112 Venom aircraft bearing Federal Registration Number N747J ("the Aircraft") for purposes of participating in the annual OshKosh vintage aircraft formation flying clinic at the Aviation Heritage Center, located in the Sheboygan County Airport. **Exhibits B and C**, ¶¶ 35-37.  Shortly after takeoff, the Aircraft crashed into the nearby Fly Bye Acres Dairy Farm, causing the alleged injuries to the underlying plaintiffs.  **Exhibits B and C**, ¶¶ 41-42.

24

19.     The Estate tendered the *Plantz* and *Bogart* Lawsuits to Scottsdale Indemnity Company under Policy No. EKI3253188 and CV Starr under Policy No. 1000323156.

20.     CV Starr is providing a defense for the Estate in the *Plantz* and *Bogart* Lawsuits.

21.     The Estate tendered the *Plantz* and *Bogart* Lawsuits to Great Northern for insurance coverage under the Great Northern Policies.

22.     On or about August 5, 2020, Secura, as subrogee of Fly By Acres, LLC, filed a complaint against Belinda Tibbitts, as Personal Representative of the Estate of Martin J. Tibbitts, and others, bearing Case No. 20-009950-NO and captioned *Secura Insurance, as subrogee of Fly By Acres LLC and Secura Insurance v. Belinda Tibbitts, as Personal Representative of the Estate of Martin J. Tibbitts, World Heritage Air Museum, Ultimate Aviation LLC, and John C. Hammons* (the "Secura Lawsuit").  A copy of the Summons and Complaint is attached as **Exhibit D**.

23.     Secura allegedly issued a property insurance policy and worker's compensation policy to the Farm.  **Exhibit D**, ¶¶ 6-7.

24.     Similar to the *Plantz* and *Bogart* Lawsuits, the Secura Lawsuit alleges that Martin Tibbitts "was the owner and/or officer and/or majority

shareholder" as well as "an employee, agent and/or apparent agent" of World Heritage Air Museum. **Exhibit D ¶¶** 10-11.

25.    The Secura Lawsuit further alleges that before July 20, 2018, Martin Tibbitts transported the De Havilland DH 112 Venom aircraft to Sheboygan, Wisconsin "for purposes of participating in the annual Oshkosh vintage aircraft formation flying clinic at the Aviation Heritage Center at the Sheboygan County Airport." **Exhibit D**, ¶ 21.

26.    The Secura Lawsuit further alleges that on July 20, 2018, Martin Tibbitts was piloting the De Havilland DH 112 Venom aircraft "as part of a formation flight" when he crashed into the Farm. **Exhibit D**, ¶¶ 23, 28.

27.    As a result of the crash, Secura has allegedly issued payments to the Farm under the property insurance policy, as well as benefits to Plantz and Bogart under the worker's compensation policy. **Exhibit D**, ¶¶ 29, 30. Secura, as subrogee of the Farm, is seeking reimbursement of those payments from the Estate and others. **Exhibit D**, ¶ 31.

28.    On April 13, 2021, the Estate tendered the Secura Lawsuit for defense and indemnity under the Great Northern Policies.

### The Great Northern Policies

29.    The Great Northern Primary Policy provides, in relevant part, the following coverage:

***Personal Liability Coverage***

We cover damages a covered person is legally obligated to pay for personal injury or property damage which takes place anytime during the policy period and are caused by an occurrence, unless stated otherwise or an exclusion applies.  Exclusions to this coverage are described in **Exclusions**.

30.    The Great Northern Excess Policy provides, in relevant part, the

following coverage:

***Payment for a Loss***
\* \* \*
**Underlying insurance**

We will pay only for covered damages in excess of **all** underlying insurance covering those damages, even if the underlying coverage is for more than the minimum amount.

"Underlying insurance" includes all liability coverage other than this part of your policy that applies to the covered damages, except for other insurance purchased in excess of this policy.
\* \* \*
***Excess Liability Coverage***

We cover damages a covered person is legally obligated to pay for personal injury or property damage, which takes place anytime during the policy period and are caused by an occurrence:

- in excess of damages covered by the underlying insurance; or
- from the first dollar of damage where no underlying insurance is required under this policy and no underlying insurance exists; or
- from the first dollar of damage where underlying insurance is required under this policy but no coverage is provided by the underlying insurance for a particular occurrence,
  unless stated otherwise or an exclusion applies.
\* \* \*
"Follow form" means:

We cover damages to the extent they are both covered under the Required Primary Underlying Insurance and, not excluded under this part of your Masterpiece Policy.  Also, the amount of

coverage, defense coverages, cancellation and "other insurance" provisions of this policy supersede and replace the similar provisions contained in such other policies. When this part of your policy is called upon to pay losses in excess of required primary underlying policies exhausted by payment of claims, we do not provide broader coverage than provided by such policies. When no primary underlying coverage exists, the extent of coverage provided on a follow form basis will be determined as if the required primary underlying insurance had been purchased from us.

31.    The Great Northern Policies contain the following exclusions:

**Aircraft**.    We do not cover any damages arising out of the ownership, maintenance, use, loading, unloading, or towing of any aircraft that is rented to, owned by, or in the care, custody or control of a covered person, except a non-owned aircraft chartered with a professional crew by you or on your behalf.
* * *
**Watercraft and aircraft racing or track usage.**  We do not cover any damages arising out of the ownership, maintenance or use of any watercraft or aircraft during any instruction, practice, preparation for, or participation in, any competitive, prearranged or organized racing, speed contest, rally, sports event, stunting activity or timed event of any kind.  This exclusion does not apply to sailboat racing even if the sailboat is equipped with an auxiliary motor.
* * *
**Professional services**.  We do not cover any damages for any covered person's performing or failure to perform professional services, or for professional services for which any covered person is legally responsible or licensed.

32.    The Great Northern Primary Policy also contains the following

"Business pursuits" exclusion:

**Business pursuits**.  We do not cover any damages arising out of business activities or business property in which a covered

person has ownership or other interest or is conducted by or on behalf of a covered person or others.

33.     Similarly, the Great Northern Excess Policy contains the following

"Business pursuits" exclusion:

> **Business pursuits**.  We do not cover any damages arising out of business activities or business property in which a covered person has ownership or other interest or is conducted by or on behalf of a covered person or others, except on a follow form basis.

34.     The Great Northern Primary Policy contains the following "Other

Insurance" condition to liability coverage:

> **Other insurance.**
> * * *
> **Personal**.  When other liability insurance applies to covered damages, we will pay our share.  Our share is the proportion that our amount of coverage bears to the total of all applicable amounts of coverage. However, for vehicles and watercraft, this insurance is excess over any other insurance, except that written specifically to cover excess over the amount of coverage in this policy.
> * * *
> **Excess**.  This insurance is excess over any other insurance except that written specifically to cover excess over the amount of coverage that applies in this policy.

35.     Similarly, the Great Northern Excess Policy contains the following

"Other insurance" condition to liability coverage:

> **Other insurance.**
> * * *
> **Personal**.  When other liability insurance applies to covered damages, we will pay our share.  Our share is the proportion that

our amount of coverage bears to the total of all applicable amounts of coverage. However, for vehicles and watercraft, this insurance is excess over any other insurance, except that written specifically to cover excess over the amount of coverage in this policy.
* * *

**Excess**.  This insurance is excess over any other insurance except that written specifically to cover excess over the amount of coverage that applies in this policy.

36.    The Great Northern Policies also contain other potentially applicable terms and conditions that do or may apply to the Underlying Lawsuits, which, for the sake of brevity, are adopted and incorporated as if fully set forth herein.

## COUNT I

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

37.    Great Northern incorporates by reference all the allegations in paragraphs 1 through 36 as though fully set forth herein.

38.    There is an actual case or controversy between Great Northern and the Estate regarding the availability, if any, of insurance coverage for the Underlying Lawsuits under the Great Northern Policies.

39.    Great Northern seeks a declaration from this Court that no coverage, including the duty to defend or indemnify, exists for the Underlying Lawsuits under the Great Northern Policies.

40.     Great Northern also seeks a declaration from this Court that no coverage, including any duty to defend or indemnify, exists for the Underlying Lawsuits based upon the application of the "[a]ircraft" exclusion in the Great Northern Policies.

41.     Great Northern also seeks a declaration from this Court that no coverage, including any duty to defend or indemnify, exists for the Underlying Lawsuits based upon the application of the "[w]atercraft and aircraft racing or track usage" exclusion in the Great Northern Policies.

42.     Great Northern also seeks a declaration from this Court that no coverage, including any duty to defend or indemnify, exists for the Underlying Lawsuits based upon the application of the "[b]usiness pursuits" exclusion in the Great Northern Policies.

43.     Great Northern also seeks a declaration from this Court that no coverage, including any duty to defend or indemnify, exists for the Underlying Lawsuits based upon the application of the "[p]rofessional services" exclusion in the Great Northern Policies.

44.     Great Northern also seeks a declaration from this Court that it does not have a duty to defend the Estate in the Underlying Lawsuits as the Estate is being defended by CV Starr.

45.     In the event this Court determines that coverage is owed under the Great Northern Primary Policy for the Underlying Lawsuits, Great Northern seeks a declaration that its coverage obligation is eliminated or reduced in accordance with the "[o]ther insurance" condition.

46.     Great Northern also seeks a declaration from this Court that no coverage, including any duty to defend or indemnify, exists under the Great Northern Excess Policy to the extent that the Underlying Lawsuits do not involve damages that exceed the amount of loss payable under any applicable underlying insurance.

47.     Great Northern also seeks a declaration from this Court that no coverage, including any duty to defend or indemnify, exists under the Great Northern Excess Policy to the extent that the limits of liability under the CV Starr policy (No. 1000323156) and any other applicable underlying insurance have not been exhausted.

48.     In the event this Court determines that coverage is owed under the Great Northern Excess Policy for the Underlying Lawsuits, Great Northern seeks a declaration that its coverage obligation is eliminated or reduced to the extent that the "[o]ther insurance" condition to liability coverage in the Great Northern Excess Policy applies.

49.     Insurance coverage may further be limited or excluded under the Great Northern Policies to the extent that any other policy terms, definitions, exclusions, conditions and endorsements not specifically identified herein apply to limit coverage, either in whole or in part, for the Underlying Lawsuits. Great Northern therefore reserves its right to limit coverage under such other policy terms, definitions, exclusions, conditions and endorsements.

**WHEREFORE**, Great Northern seeks a declaration from this Court that there is no insurance coverage (defense or indemnity) available to the Estate under the Great Northern Policies for the Underlying Lawsuits.

### REQUEST FOR RELIEF

**WHEREFORE**, Great Northern respectfully requests that this Honorable Court:

A.     Issue a declaration that the Great Northern Policies do not provide coverage for the Estate in the Underlying Lawsuits;

B.     Issue a declaration that Great Northern has no duty to defend the Estate under the Great Northern Policies with respect to the Underlying Lawsuits;

C.     Issue a declaration that Great Northern has no duty to indemnify the Estate under the Great Northern Policies with respect to the Underlying Lawsuits; and

33

D.      Such other relief as this Court may deem just and appropriate.


                           Respectfully submitted,

                           */s/ Charles W. Browning*
                           Charles W. Browning (P32978)
                           Josephine A. DeLorenzo (P72170)
                           Tanya M. Murray (P82517)
                           PLUNKETT COONEY, P.C.
                           38505 Woodward Avenue, Suite 100
                           Bloomfield Hills, MI 48304
                           T: (248) 901-4000
                           F: (248) 901-4040
                           cbrowning@plunkettcooney.com
Dated:  June 1, 2021       **Attorneys for Defendant/Counter-Plaintiff**

34

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BELINDA TIBBITTS, as Personal
Representative of the Estate of
Martin J. Tibbitts,

      Plaintiff/Counter-Defendant,

                         Case No.:  2:20-cv-10029
                         Hon. Terrence G. Berg
                         Magistrate Judge R. Steven Whalen

GREAT NORTHERN INSURANCE
COMPANY, an Indiana corporation,

      Defendant/Counter-Plaintiff.

_____

**JURY DEMAND**

      Defendant/Counter-Plaintiff, Great Northern Insurance Company, by its

attorneys, hereby demands a trial by jury in this matter only on those issues

properly tried before a jury.  Defendant/Counter-Plaintiff does not waive any

rights to seek a resolution of this matter as a matter of law.

                         Respectfully submitted,
                         */s/ Charles W. Browning*
                         Charles W. Browning (P32978)
                         Josephine A. DeLorenzo (P72170)
                         Tanya M. Murray (P82517)
                         PLUNKETT COONEY
                         38505 Woodward Avenue, Suite 100
                         Bloomfield Hills, MI 48304
Dated:  June 1, 2021          ***Attorneys for Defendant/Counter-Plaintiff***

35

## **CERTIFICATE OF SERVICE**

I do hereby certify that on the 1st day of June, 2021, I filed the foregoing document and this certificate of service with the Clerk of the Court using the electronic court filing system, which will send notification of such filing to all Counsel of Record.

>                                              */s/ Charles W. Browning*
>                                              Charles W. Browning (P32978)
>                                              PLUNKETT COONEY

Open.00080.95225.26525845-1